**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

    -vs-                                              No. CIV 04-0250 LH/CEG
                                                            CR 95-0014 LH

SEBASTIAN ECCLESTON,

    Defendant-Movant.

**MEMORANDUM OPINION**

    **THIS MATTER** comes before the Court on Defendant's Petition, pursuant to 28 U.S.C. § 2241, in which he seeks an order committing him to the custody of the United States Bureau of Prisons (BOP), with instructions to the BOP to give him credit for all time served in state custody since the imposition of his federal sentence. The Court has dismissed Defendant's claim that he should be committed to the custody of the BOP in its Order of April 3, 2007 (Docket No. 32). As directed, the parties filed their Second Joint Status Report (Docket No. 34) on April 15, 2007, in which they set forth their respective positions on the remaining issue of concurrent service of Defendant's federal sentence with his state sentence. Additionally, counsel argued this issue at a hearing held on April 23, 2007. The Court, having reviewed the record in this matter and the applicable law, having entertained the argument of counsel, and otherwise being fully advised, finds for the reasons stated on the record at the hearing and in this Memorandum Opinion that Defendant's claim for concurrent service of his federal sentence with the state sentence he presently is serving

is not well taken and will be **denied, without prejudice, as premature**. Furthermore, having disposed of all issues presented, Defendant's petition will be **dismissed**.

As an initial matter, the Court finds that there is no need for an evidentiary hearing to resolve Defendant's claim. While Defendant may be correct in stating that "[t]here is no dispute that Mr. Eccelston's federal sentence in this case *may* be served concurrently with his state sentence," (Second Joint Status Report 2 (emphasis added)), his description of the lack of such language in the federal judgment as a "deficiency," *id.* at 3, is factually and legally without merit.

There is absolutely no evidence in the record of the underlying federal criminal prosecution that any agreement ever was made that the federal sentence was to be served concurrent to the state sentence.[1] That the state court subsequently ordered that its sentence be concurrent to the federal sentence is not binding on the federal court. *See United States v. Williams*, 46 F.3d 57, 58 (10th Cir. 1995)("Although the state court attempted to impose a concurrent sentence, a federal court's determination that a federal sentence run consecutive to a state sentence 'is a federal matter which cannot be overridden by a state court provision for concurrent sentencing on a subsequently-obtained state conviction.' *Bloomgren v. Belaski,* 948 F.2d 688, 691 (10th Cir.1991)."); *Abdul-Malik v. Hawk-Sawyer*, 403 F.3d 72, 75 (2d Cir. 2005)(that state sentence specified should run concurrently to federal sentence, not binding on federal authorities)(citing *United States v. Sackinger*, 704 F.2d

---

[1] There is evidence in that federal criminal record, however, showing an agreement in state court that the state sentence was to be concurrent with the federal sentence: "The [state] plea agreement indicates the state sentence will run concurrently with the sentence he receives in Federal Court . . . ." (Presentence Report ¶ 51.) The only other evidence in that record addressing this issue is a letter received just prior to the federal sentencing from Defendant's mother, in which she stated: "It was my understanding and I was told by Mr. Storment that the plea agreement that my son Sebastian signed was that the time runs concurrent state & federal and that he was guaranteed to serve in federal prison." (Letter from Soledad Anton to Honorable C. LeRoy Hansen (Oct. 29, 1996).)

29, 32 (2d Cir. 1983)(federal court not bound by terms of plea agreement between defendant and state authorities)). Furthermore, "[t]he plain meaning of [18 U.S.C. § 3584(a)][2] is that multiple terms of imprisonment imposed at different times will normally run consecutively, unless the district court affirmatively orders that the terms be served concurrently." *Williams*, 46 F.3d at 59 (footnote added)(citing *United States v. Rising,* 867 F.2d 1255, 1260 (10th Cir.1989)); *see also Cathcart v. U.S. Bureau of Prisons*, No. 99-6424, 2000 WL 554547 at *2 (10th Cir. May 4, 2000)(unpublished opinion)(sentencing court aware of pending state charges, did not order that defendant serve federal sentence concurrently with state sentence; because sentencing court did not include affirmative order regarding concurrent sentences, sentences run consecutively).

In an effort to resolve this matter and a pending, but currently stayed, state habeas corpus case, the United States and the State of New Mexico have offered several times "to join with the defendant-petitioner in asking the United States Bureau of Prisons . . . to designate the New Mexico Department of Corrections as a facility for service of the defendant's federal sentence, and to grant the defendant credit on his federal sentence, retroactive to the beginning of his state sentence, for the time he has served on his present state convictions," in exchange for Defendant dismissing this and

---

[2] 18 U.S.C. § 3584, "Multiple sentences of imprisonment," provides in relevant part:

> **(a) Imposition of concurrent or consecutive terms**.---If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt. Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. *Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently*.

(emphasis added).

his state petitions. (Second Joint Status Report ¶ 1.) Apparently this offer was to include a request by all parties in both fora to this Court to join in the effort by writing its own letter on Defendant's behalf to BOP. (*See* Affidavit in Response to Motion to Vacate Sentence Filed March 5, 2004 (Doc. 1) Ex. 1 at 2 (Docket No. 15), filed Nov. 16, 2005.) Defendant now seeks such an order or letter from the Court to "correct the judgment in this federal case to ensure that the federal sentence is served concurrently with the . . . state sentence . . . ." (Second Joint Status Report at 2.)

Pursuant to the authority granted by 18 U.S.C. § 3621(b),[3] the BOP has issued its Program Statement on the subject of "Designation of State Institution for Service of Federal Sentence." *See* BOP Program Statement 5160.05 (Jan. 16, 2003), http://www.bop.gov/policy/progstat/5160_005.pdf. Under this policy, concurrent service after imposition of the federal sentence may be requested by the Court, an inmate, or the State. *Id.* at ¶¶ 9b(3)-(5). The Court may use this procedure "when primary jurisdiction resided with the state and the court believed *mistakenly* that the inmate was in federal custody for service of the federal sentence on the date of imposition." *Id.* at ¶ 9b(3) (emphasis added). It is true that Defendant in this matter was in the primary custody of the State of New Mexico at his federal sentencing, as he was for all of the federal proceedings, and appeared on a Writ of Habeas Corpus ad Prosequendum, but the Court was in no way "mistaken" about this fact. Thus, this provision is inapplicable. Additionally, Defendant has not made use of the procedures

---

[3] This provision provides in relevant part:

The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable . . . .

18 U.S.C.A. § 3621(b).

available for inmates and any letter from the Court would be premature. *See id.* § 9b(4)(c) ("[A]n inmate may request a nunc pro tunc . . . designation. . . . In making the determination, if a designation for concurrent service may be appropriate . . . the [Regional Inmate Systems Administrator] will send a letter to the sentencing court . . . inquiring whether the court has any objections."). Although Defendant has corresponded with BOP officials regarding the issue of concurrent service of his federal with his state sentence, (*see* Movant's Traverse in Support of Motion to Correct Sentence Filed Pursuant to 28 U.S.C. § 2241 at 4-7, Exs. 7, 8), he has not submitted any evidence that he has applied for designation of a state institution for service of his federal sentence and provided the appropriate materials in support of such an application, pursuant to BOP Program Statement 5160.05. Thus, he has failed to exhaust his administrative remedies[4] and any letter from the Court, assuming it might be inclined to write one, would be premature.

A Final Judgment in accordance with this Memorandum Opinion shall be entered contemporaneously.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**

---

[4] As the Third Circuit has held, "full and fair consideration" by BOP of a "request for designation of [a] state prison *nunc pro tunc* as a place of federal incarceration . . .is plainly and unmistakably within the BOP's discretion and we cannot lightly second guess a deliberate and informed determination by the agency charged with administering federal prison policy." *Abdul-Malik*, 403 F.3d at 76 (quoting *Taylor v. Sawyer,* 284 F.3d 1143, 1149 (9th Cir. 2002)).